[Civ. No. 6844. Second Appellate District, Division One.—November 30, 1931.]

FRED NOWELL JONES, Respondent, v. MARIA C. TUFTS, Appellant.

Lorrin Andrews for Appellant.

Arthur A. Weber and J. C. Dunn for Respondent.

YORK, J.—This is a case which shows the typical dispute between an owner and a building contractor, wherein oral

testimony was introduced in an attempt to explain, but not to change or vary, the terms of the written contract or agreement.

■ There was sufficient evidence upon which to make the findings of the trial court, and, although in the court's instructions to the attorneys to prepare their findings, there is some variance between these instructions and the findings themselves, the findings of fact (as there is evidence to support each of them), are conclusive upon this court. The findings are sufficient to support the judgment.

■ Appellant objects that the court did not allow her to introduce certain evidence, which was ruled out by the trial court. These rulings were proper, as the questions were propounded in such a manner as to justify the trial court in sustaining the objections made thereto. No attempt was made to reframe the questions to make them proper, and therefore the questions raised by appellant's counsel as to appellant's right to prove the facts which she ought to elicit, are not pertinent to the case presented by the record.

■ The reference in the contract to plaintiff as an architect does not specify that the plaintiff was to be paid anything for his services as an architect. The action is one to recover upon a contract to pay for materials and labor in constructing the building. It is not an action to recover for services rendered by plaintiff as an architect. It follows, that the provisions of the statute (Deering's 1923 ed. of Gen. Laws, Act 486, Stats. 1901, p. 641), "An Act to regulate the practice of architecture", are not applicable to the case.

The judgment is affirmed.

CONREY, P. J., Concurring.—For several reasons, I concur in the judgment. ■ (a) The plaintiff was entitled to recover as upon a building contract. If any part of the contract price was intended to cover architect's fees, for which the plaintiff would not be entitled to recover, the defendant should have pleaded and proved the facts constituting such defense. ■ (b) From the pleadings and the evidence contained in the contract itself, it may be taken as established that the plaintiff represented to defendant that he was an architect; that in truth he was not a

"certified architect", but that he did draw the plans and specifications referred to in the contract. But the damages which defendant claimed were limited (by her answer) to the amount shown by the "bill of particulars" contained in the answer. The items thereof all relate to alleged failures to perform the contract. None of them cover any element of damage caused by false representations which deceived the defendant and caused her to enter into the contract. The court did not err in refusing to receive evidence of a defense on the ground of fraud. (c) In regard to the numerous other assignments of error in rulings upon objections to evidence; I have not found that there are any errors of such importance as to have caused any change in the result of the action.

Houser, J., concurred.